Russell Thompson IV (029098)
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
602 388 8898
866 317 2674 facsimile
rthompson@consumerlawinfo.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wayne and Amy Lovejoy, ) | Case No. |
| ) | |
| Plaintiffs, ) | **COMPLAINT AND TRIAL BY JURY** |
| ) | **DEMAND** |
| vs. ) | |
| ) | |
| Praxis Financial Solutions, Inc., and Main ) | |
| Street Acquisition Corp., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**NATURE OF ACTION**

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court under 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and where Defendants transact business in this district.

## PARTIES

4. Plaintiffs Wayne and Amy Lovejoy ("Plaintiffs") are natural persons who at all relevant times resided in the State of Arizona and County of Maricopa.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Praxis Financial Solutions, Inc. ("Praxis") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

7. Praxis is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant Main Street Acquisition Corp. ("Main Street") is in the business of acquiring debts in default for the purposes of collection, either directly or indirectly.

9. Main Street is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiffs are a natural persons allegedly obligated to pay a debt.

11. Plaintiffs' alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a vehicle loan originated by CitiFinancial Auto (the "Debt").

12. Praxis uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts once owed or due, or once asserted to be owed or due, another.

Complaint - 2

13. Main Street purchases debts once owed or once due, or asserted to be once owed or once due, a creditor.

14. Santander Consumer USA, Inc. ("Santander") was the servicer of Plaintiffs' Debt with CitiFinancial Auto.

15. On February 2, 2012, Santander sent Plaintiffs a letter confirming that Plaintiffs' Debt had been paid in full. See February 2, 2012 Correspondence, attached as Exhibit A.

16. On January 9, 2013, Stoneleigh Recovery Associates, LLC ("Stoneleigh") sent Plaintiffs a letter stating that Main Street had purchased Plaintiffs' Debt and asserting that Plaintiffs owed a balance of $10,004.66. See January 9, 2013 Correspondence, attached as Exhibit B.

17. Main Street acquired Plaintiffs' Debt when it was allegedly in default.

18. On or about January 29, 2013, Plaintiffs sent Stoneleigh a letter disputing the Debt and requesting verification.

19. Upon information and belief, Stoneleigh informed Main Street of Plaintiffs' dispute.

20. Stoneleigh sent Plaintiffs a letter stating it had received notice of Plaintiffs' dispute, and further stated, in part:

> In light of your dispute, we requested verification from our client, the current owner, MAIN STREET ACQUISITION CORP.. [sic] We updated our files concerning your dispute, and forwarded any correspondence to our client. SRA is now waiting for the verification.

See Correspondence from Stoneleigh, attached as Exhibit C.

21. Plaintiffs did not hear back from Stoneleigh.

22. Plaintiffs did not otherwise receive any verification of the Debt from Main Street.

23. Main Street then retained Praxis to collect the Debt from Plaintiffs on its behalf.

24. On May 21, 2013, Praxis sent Plaintiffs a letter attempting to collect the Debt on behalf of Main Street, asserting the balance of the Debt to be $10,004.66. See May 21, 2013 Correspondence, attached as Exhibit D.

25. On or about June 14, 2013, Plaintiffs sent Praxis a letter disputing the Debt and requesting verification.

26. Upon information and belief, Praxis informed Main Street of Plaintiffs' dispute.

27. Praxis did not respond to Plaintiffs' dispute or provide any verification of the Debt.

28. Main Street did not provide Plaintiffs with any verification of the Debt.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**
**PRAXIS**

29. Plaintiffs repeat and re-allege each and every factual allegation above.

30. Praxis violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiffs' Debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a) Adjudging that Praxis violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)
## PRAXIS

31. Plaintiffs repeat and re-allege each and every factual allegation above.

32. Praxis violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiffs' Debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Praxis violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## MAIN STREET

33. Plaintiffs repeat and re-allege each and every factual allegation above.

34. Main Street violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiffs' alleged debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Main Street violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(10)
## MAIN STREET

35. Plaintiffs repeat and re-allege each and every factual allegation above.

36. Main Street violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiffs' Debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Main Street violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692g(b)
## MAIN STREET

37. Plaintiffs repeat and re-allege each and every factual allegation above.

38. Main Street violated 15 U.S.C. § 1692g(b) by failing to cease collection of the Debt until it obtained verification of the Debt and provided Plaintiffs with a copy of such verification.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Main Street violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

39. Plaintiffs are entitled to and hereby demand a trial by jury.

Dated: May 20, 2014.            Respectfully submitted,

By: s/ Russell Thompson IV
Russell Thompson IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
602 388 8898
866 317 2674 facsimile
rthompson@consumerlawinfo.com

s/ Joseph Panvini
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
602 388 8875

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

866 317 2674 facsimile
jpanvini@consumerlawinfo.com

Attorneys for Plaintiffs